IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HELM, et al., | No. C 08-01184 SI |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' MOTION TO COMPEL** |
| v. | |
| ALDERWOODS GROUP, INC., | **(Docket No. 267)** |
| Defendant. | |

On July 27, 2010, the Court issued an order directing Alderwoods to supplement its privilege log by (1) identifying the author and the recipients of any documents it claims are subject to the attorney-client privilege, and (2) itemizing each email within certain email strings. Jul. 27, 2010 Order at *2-3 (Docket No. 255). The Court also stated that to the extent Alderwoods was unable to provide these supplements, "the privilege will be deemed waived and any non-privileged responsive document[s] must be produced." *Id.* at *3. Plaintiffs have now filed a letter brief contending that Alderwoods has failed to adequately identify the recipients of certain documents and that several of the emails and other documents itemized in the updated log are not properly subject to privilege. Plaintiffs seek an order directing Alderwoods to produce all documents it has failed to show are protected by privilege.

This letter continues plaintiffs' history (in both this case and the related *Bryant* action) of sending meet and confer letters to defendants but providing an inadequate amount of time for defendants to respond before submitting the dispute to the Court. This is insufficient under both the Local Rules and the Federal Rules, which require that counsel make a bona fide, good faith attempt to hold either an in-person meeting or a telephone conference before seeking the Court's intervention in a discovery

dispute. *See* Civil L.R. 1-5(n), 37-1(a); Fed. R. Civ. P. 37(a)(1). Alderwoods has represented that the concerns raised by plaintiffs in their letter brief are addressed in a response letter sent to plaintiffs on August 16, 2010 – four days after plaintiffs sent their meet and confer letter to Alderwoods, and the same day plaintiffs submitted this dispute to the Court. The Court has not seen Alderwoods' August 16 Letter, but believes that the parties can resolve their privilege-related disputes, including the dispute concerning email recipients, the dispute concerning meeting agendas, and the dispute concerning emails with Julie Hermann as an author or recipient, through an in-person or telephonic meet and confer effort. Accordingly, the parties are hereby directed to <u>meet and confer, in person or by telephone, no later than September 10, 2010</u> with respect to the privilege issues identified in plaintiffs' letter.

**IT IS SO ORDERED.**

Dated: September 1, 2010

SUSAN ILLSTON
United States District Judge